**IN THE UNITED STATES DISTICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. STRATNEY T. ANDERSON, jr.        ) | |
| ) | Case No: 15-CV-322-JED-TWL |
| **Plaintiff**        ) | |
| ) | **Jury Trial Demanded** |
| v.        ) | |
| ) | |
| 2. J & L RESTAURANTS, INC. d/b/a        ) | |
| McDONALD'S        ) | |

### COMPLAINT

**COMES NOW,** the Plaintiff by and through his attorney of record David R. Blades and for his cause of action shows the court as follows;

1. That the Plaintiff is a African American male who was employed by the Defendant on or about September 18th 2012

2. That at all relevant times the Defendant was in the food service business effecting interstate commerce.

3. That during the tenure of his employment Plaintiff was subjected to remarks almost daily that were racially or sexually inappropriate.

4. That some of these remarks included but not limited to: calling the Plaintiff "nigger" and "faggot".

5. The manager Ryan Birdsong would frequently call the Plaintiff "nigger" and while performing his duties if the Plaintiff would bend forward Birdsong would touch him inappropriately say that he was sexy and simulate a sex act.

6. When the Plaintiff would ask other co-worker's to take food to customers he was told "Do I look like a stupid nigger". Other co-workers would tell the Plaintiff would say "Hey nigger make me a drink".

7. In April 2013 while the Plaintiff was stooping to perform his duties a co-worker named Corey shoved the Plaintiff's head into his crotch. The manager simply laughed and walked away observed this.

8. The Plaintiff reported these activities to Manager Joy Tyree and General Manager Sandy Wells to no avail and the hostility continued.

9. In February 2014, after the Plaintiff complained of the racial and sexual harassment his hours were substantially reduced from 40 hours a week to 7 hours a week.

10. The Plaintiff was told by co workers that Sandy Wells had said that she was reducing Plaintiff's hours to force him to quit.

11. That because of the reduction of hours the Plaintiff felt he had no choice but to resign his position.

12. At all times the Defendant's actions were intentional or done with reckless disregard of the Plaintiff's rights.

13. That the Plaintiff filed a claim with the Equal Employment Opportunity Commission (EEOC) exhausted his administrative remedies and brings this action.

## Count I

### Racial Discrimination in violation of 42 USC § 1981

14. The Plaintiff incorporates paragraphs 1-13 by reference herein.

15. The Plaintiff is a member of a protected class (African American)

16. That he suffered an adverse employment action in that he suffered harassment due to his race.

17. That said harassment was unwanted, severe, and pervasive which altered the working environment.

## Count II

### Retaliation in Violation of 42 USC § 1981

18. The Plaintiff incorporates paragraphs 1-17 by reference herein.

19.  That the Plaintiff engaged in protected activity when he complained of discriminatory treatment in violation of 42 USC § 1981.

20. The Plaintiff suffered an adverse action when his hours were reduced with a commensurate reduction in wages.

21. Additionally, the Plaintiff suffered because the dramatic reduction in wages were such that a reasonable person would have no choice but to resign his position causing the Plaintiff to be constructively discharged.

22.  The temporal proximity of the action and the statements of the Manager concerning trying to force the Plaintiff to quit his job evidence that causal connection between the Plaintiff's conduct and the adverse action.

## Count III

### Racial and Gender harassment 42 USC § 2000e

23. The Plaintiff incorporates paragraphs 1-22 by reference herein.

24. The Plaintiff was subjected to unwanted harassment base on his race and gender.

25. That said actions were severe and/or pervasive altering the working conditions of the environment.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendant for lost wages; compensatory damages; including damages for emotional pain and suffering; punitive damages. The costs of the action including a reasonable attorney fee; and other relief the court deems just and equitable.

Respectfully submitted,

/s/ David Blades
_____
DAVID R. BLADES OBA 15187
BLADES & GEE P.L.L.C
7170 SOUTH BRADEN AVE ste 140
TULSA, OKLAHOMA 74136
(918) 493-6464